# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE WATSON<br>**Plaintiff**<br><br>v.<br>ROSALIND MILLER<br>TIMOTHY GAILEY<br>THE COMMONWEALTH OF<br>MASSACHUSETTS<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br>COMPLAINT AND<br>JURY DEMAND AND<br>DEMAND FOR<br>INJUNCTIVE RELIEF |

## INTRODUCTION

Lawrence Watson, herein the Plaintiff, brings this action against Defendants, First Justice Sydney Hanlon, Justice Rosalind Miller, Justice Timothy Gailey, Dorchester District Court, and the Commonwealth of Massachusetts for violation of the Plaintiff's civil and other rights under federal and state laws, for among other claims, discriminating against him on account of his sex and retaliating against him for opposing their discriminatory practices against males involved in domestic dispute, for himself and other male residents of the Commonwealth of Massachusetts, and to protect the interest of children of men involved in domestic disputes in the Commonwealth of Massachusetts.

## JURISDICTION

1. Jurisdiction is based on the pendent jurisdiction of this court to entertain a claim arising under state law

# **PARTIES**

1. Plaintiff Lawrence Watson is a natural person who is and was, at all times material to this complaint, a resident of the Commonwealth of Massachusetts, a citizen of the United States of America, and male.

2. Defendant Justice Rosalind Miller is a natural person residing in Massachusetts. At all times relevant to the allegations of this Complaint, Miller was the presiding judge for the civil complaint of *Sherry Walker v. Lawrence Watson*. She is being sued in her individual capacity as an officer of the court for the Defendant the Commonwealth of Massachusetts.

3. Defendant Justice Timothy Gailey is a natural person residing in Massachusetts. At all times relevant to the allegations of this Complaint, Gailey was the presiding judge at the Plaintiff's appeal in Dorchester District Court of the restraining order issued in *Sherry Walker v. Lawrence Watson*. He is being sued in his individual capacity as an officer of the court for the Defendant Commonwealth of Massachusetts.

4. Defendant Commonwealth of Massachusetts is a state in the union of the United States of America. At all times relevant to the allegations of this Complaint, the Commonwealth of Massachusetts employed the Defendants Justice Miller and Justice Gailey in its judicial system and was responsible for monitoring the performance of said justices in their duties as officers of the courts of the Commonwealth of Massachusetts.

# **FACTS**

1. In March 2003 the Plaintiff separated from Sherry walker, the mother of his daughter, Shanai Lauryn Watson

2. On March 31, 2003 the Plaintiff filed a complaint for assault & battery against the Sherry Walker after suffering another physical attack. A hearing was scheduled for May 19, 2003 in Dorchester District Court and later continued for August 1, 2003.

3. On April 4, 2003 the Plaintiff filed a motion for visitation rights in Probate Court because Sherry Walker would not allow the Plaintiff proper access to his daughter Shanai Lauryn Watson. The hearing was scheduled for May 13, 2003.

4. On April 4, 2003 the Plaintiff applied for a restraining order against Sherry Walker in the Probate Court for Suffolk County out of concern that Sherry Walker would physically assault him when he attempts to visit his daughter..

5. On May 5, 2003 Sherry Walker applies for and receives a temporary restraining order against the Plaintiff. The hearing is scheduled for May 19, 2003 .

6. On May 9, 2003 the Plaintiff calls the restraining order department at Dorchester District Court because he has a previously scheduled hearing in Taunton District Court on May 19, 2003. The Defendant was informed that he will have to physically appear in Dorchester District Court to have the hearing date changed.

7. On May 16, 2003 the Plaintiff appeared at the restraining order department at Dorchester District Court to reschedule the hearing. Leslie Martines of the restraining order department refused to accommodate the Plaintiff. Ms. Martines

claimed that only Sherry Walker can reschedule the hearing and that it was too late for rescheduling because Sherry Walker has to be given at least 10 days notice.

8. On May 19, 2003 the Plaintiff had his sister Nadena Watson submit a motion for change of date and a motion for change of venue to Dorchester District Court. Sherry Walker and her children were still present in the court when Ms. Watson submitted the aforementioned motions. Judge Rosaling Miller held with hearing without the Plaintiff present and renewed the order for one year. One provision of the restraining order denied the Plaintiff access to his daughter Shanai Lauryn Watson.

9. Upon returning home from Taunton District Court, the Plaintiff listened to a message on his answering machine, in which Leslie Martines stated that Judge Miller would allow the Plaintiff to come to Dorchester District Court to defend himself against the allegations of Sherry Walker. The Plaintiff called the restraining order department of Dorchester District Court and was informed by Leslie Martines that Sherry Walker would not be present if he were to come to the Dorchester District Court that day to defend himself against the allegations of Sherry Walker

10. Citing the violation of his right to due process in the issuing of the restraining order on May 19th, the Plaintiff filed a motion to dismiss and vacate the restraining order *nunc pro tunc* on June 8, 2003. The hearing was scheduled for June 18, 2003

11. On June 18, 2003 both parties appeared before Judge Timothy Gailey for the motion to dismiss and vacate the restraining order *nunc pro tunc.*. Judge Timothy Gailey refused to hear and address the Plaintiff's motion to dismiss and vacate the restraining order *nunc pro tunc*. Judge Gailey extended the restraining order one year from the date of the hearing of June 18th.

12. On August 18, 2003 the Plaintiff appeared at the office of the Appeals Court of the Commonwealth of Massachusetts to file an appeal of the June 18 decision. When the Plaintiff attempted to file an appeal, the clerk of the Court informed the Plaintiff that the time period allowed to file an appeal is 30 days. The Plaintiff had been informed by the clerk of Dorchester District Court that the time period to file an appeal of a restraining order was 90 days.

13. On September 3, 2003 the Plaintiff filed a petition for late filing of appeal. The Plaintiff filed a motion to waive the entry fee because he could not afford the fee of $315.00

14. On September 5, 2003 the Plaintiff received notice from the Appeals Court that his motion to waive the entry fee was denied.

15. On June 18, 2004 the Plaintiff is scheduled to appear in Dorchester District Court for the renewal of the restraining order issued in *Sherry Walker v. Lawrence Watson*

16. The Plaintiff filed a separate complaint against both Justice Rosalind Miller and Justice Timothy Gailey with the Commonwealth's Commission on Judicial Conduct. Each complaint was dismissed for lack of judicial misconduct.

17. The Defendant Commonwealth of Massachusetts implicitly tolerated civil rights violations committed by judges of its courts by failing to fully investigate complaints, reprimand offending individuals who commit said violations and taking the necessary steps to correct said violations. Judges of the courts of the Commonwealth thus believed they could violate with impunity constitutional rights of citizens.

18. On account of the actions of Defendants Miller, Gailey and Commonwealth of Massachusetts, the Plaintiff sustained severe permanent personal and emotional injuries, included but not limited to, loss of liberty, humiliation, emotional distress, lost wages, and physical pain and suffering.

## COUNT ONE

## 14TH AMENDMENT VIOLATION BY JUSTICES ROSALIND MILLER AND TIMOTHY GAILEY

19. The Plaintiff restates the allegations in paragraphs 1 through 17 and incorporates said paragraphs herein as paragraph 18

20. By actions described in paragraphs 1 through 17, Defendants Miller and Gailey, under the color of law, deprived the Plaintiff of due process, his right to a fair trial, and his constitutional right to be a parent, in violation of the Fourteenth Amendment of the Constitution of the United States and Article 1 of the Massachusetts Constitution

# COUNT TWO

# 14TH AMENDMENT VIOLATION BY THE

# COMMONWEALTH OF MASSACHUSETTS

21. The Plaintiff restates the allegations in paragraphs 1 through 20 and incorporates said paragraphs herein as paragraph 21

22. The Commonwealth of Massachusetts developed and maintained policies, customs or practices exhibiting discrimination and indifference to the constitutional rights of males involved in domestic disputes in its borders, causing the violation of the Plaintiff's rights.

23. It was the policy of the Defendant Commonwealth of Massachusetts to allow Defendant judges and other judges of the Commonwealth to ignore laws, rules and regulations governing the enforcement of M.G.L.c209A and the issuance of restraining orders from said statute. Pursuant to this policy, custom or practice, Defendant the Commonwealth of Massachusetts implicitly tolerated unlawful practices by court officials and court officers including denial of constitutional rights, discriminating against males in domestic matters before the Court, failing to investigate fully and adequately citizen complaints against court officers and court officials, failing to train and supervise properly court officials, and failing to provide safeguards to prevent abuse of M.G.L.c209A.

24. The Defendant Commonwealth of Massachusetts' policies, practices or customs, as described in paragraphs 22 and 23, are illustrated by but not limited to the following conduct:

   a. On February 8, 1995 the Plaintiff applied for and received a temporary restraining order in Dorchester District Court against his former girlfriend Teal McRae. On February 9, 1995 Teal McRae applied for and received a temporary restraining order against the Plaintiff in Dorchester District Court. At the hearing on February 21, 1995 Judge Joseph Walker granted Teal McRae a full restraining order and the Plaintiff a very limited restraining order. Judge Walker did not issue written findings as stipulated by M.G.L.c209A 3. The Plaintiff appeared at the hearing *pro se* and Teal McRae was represented by Christine Wellington of the Casa Myrna Vasques House, a battered woman's group.

   b. On May 13, 1995 Teal McRae appeared before Judge Milton Wright in Dorchester District Court to dismiss and vacate *nunc pro tunc* the restraining order the Plaintiff received against her on February 8, 1995. The motion was granted because the Plaintiff was not present at the hearing. Dorchester District court did not notify the Plaintiff of the hearing and failed to attempt to contact him when he failed to appear, as it customarily does when the plaintiff in the restraining order is female.

c. On April 16, 2003 the Plaintiff applied for a temporary restraining order in the Probate Court of Suffolk County against Sherry Walker for her attack on him, as stated in paragraph 2. The Plaintiff was not issued a temporary restraining order but a hearing was scheduled for April 29, 2003. On April 29, 2003 the Plaintiff appeared before Judge Paul D. Lewis with a copy of the police report of his complaint for assault and battery against Sherry Walker. Judge Lewis denied the restraining order, stating, "this is not what a restraining order is for." Sherry Walker did not appear at the hearing.

d. On June 6, 1995 the Plaintiff and Teal McRae appeared in Dorchester District Court for a complaint for contempt against the Plaintiff filed by teal McRae. Teal Mcrae alleged that the Plaintiff was maintaining possession of a washing machine, a sleep sofa and a kitchen dinette set of hers, in violation of a restraining order. The Plaintiff produced an agreement signed by Teal McRae, in which she sold the washing machine, sleep sofa and dinette set to the Plaintiff as partial payment for his sale of a 1979 Volvo 264 sedan to Teal McRae. Judge Walker declared the agreement improper and ordered the Plaintiff to surrender the disputed items to Teal McRae but refused to order Teal McRae to surrender the automobile involved in the transaction.

## COUNT THREE

## VIOLATION OF M.G.L.c209A 3

25. The Plaintiff restates the allegations in paragraphs 1 through 24 and incorporates said paragraphs herein as paragraph 25.

26. By the actions described in paragraphs 1 through 24, Defendants Miller, Gailey, and Commonwealth of Massachusetts deprived the Plaintiff of his civil rights, secured by the Constitutions of the United States and the Commonwealth of Massachusetts, by issuing a restraining order in violation of the guidelines of M.G.L.c209A 3.

27. In her affidavit for a restraining order on May 5, 2004 Sherry Walker failed to note the Plaintiff's application of a restraining order against her on April 16, 2004 in the Probate Court of Suffolk County. Judge Miller was required to consult the Commonwealth's domestic violence registry, which listed all individuals who have had a restraining order issued against them or have had an application for said order made against them.

28. On June 18, 2004 at the Plaintiff's appeal of the restraining order stated in paragraph 8, Judge Gailey extended the restraining order against the Plaintiff for one year from the date of the hearing before him, resulting in a thirteen month restraining order. M.G.L.c209A 3 states,"Any relief granted by the court shall be for a fixed period of time not to exceed one year."

Wherefore, the Plaintiff requests this Court:

1. Enter declaratory relief that the Defendants have violated the Plaintiff's constitutional and statutory civil rights

2. Award compensatory damages against the Defendants jointly and severally:

3. Award punitive damages against the Defendants:

4. Enter injunctive relief ordering the dismissal *nunc pro tunc* of the restraining orders issued against the Plaintiff on May 19, 2004:

5. Enter injunctive relief ordering Defendant Commonwealth of Massachusetts to institute safeguards, policies, procedures, training, re-training and education to members at all levels of the judicial system of the Commonwealth and police departments in the Commonwealth with a view to eliminate sexual discrimination within all levels of its rank and its treatment of males in domestic matters in its borders

6. Award such relief as deemed just and appropriate

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

Respectfully Submitted,

/s/ Lawrence Watson
Lawrence Watson
11 Lucerne street
Boston, MA 02124
(617)282-6181

Dated: May 21, 2004